**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DENNIS SHERRELL ANDERSON,           :
#314083
Plaintiff                                           :

    v.                                              :        CIVIL ACTION NO.  WMN-03-2589

OFFICER W. EDWARDS                     :
Defendant                                    oo0oo

**MEMORANDUM**

Pending is Defendant's Motion to Dismiss or in the Alternative Second Motion for Summary Judgment in this prisoner civil rights action.[1] The Court will direct counsel for Defendant to provide verified copies of Prince George's County Detention Center records showing the correct date of the assault on which this complaint is based.

**I. Background**

Plaintiff pro se filed this complaint on September 4, 2003, alleging Defendant William Edwards, a correctional officer, failed to protect him from assault by another detainee.[2] Both parties proceeded on the assumption that the assault occurred on February 14, 2003.[3] Paper No. 24, at 3-5

---

[1] Plaintiff also presented a failure to supervise claim. On March 8, 2005, the Court granted Defendant's Motion for Summary Judgment on Plaintiff's failure to supervise claim, but denied without prejudice summary judgment as to the failure to protect claim. Paper Nos. 34 & 35.

[2] The incident occurred while Plaintiff was detained at the Prince George's County Detention Center. Plaintiff is presently incarcerated in the Maryland House of Correction-Annex.

[3] In Defendant's Reply to Plaintiff's Motion in Opposition to Motion for Summary Judgment, a footnote reads:
    The Plaintiff's complaint states that the incident occurred on February 14, 2003. Also, during his deposition, the Plaintiff stated that he was struck by Chad Robinson on February 14, 2003. However, the Defendant's records show that the

¶¶ 1-26, Exhibit A at 7-15;  Paper No. 33 at 3-7 ¶¶ 1-30; and Paper No. 1 at 4.   Defendant, by his counsel, filed a Motion for Summary Judgment on September 27, 2004.  Plaintiff filed a response and affidavit in opposition, to which Defendant filed a reply. [4]  On March 8, 2005, Defendant's Motion for Summary Judgment was granted in part and denied in part without prejudice.  Summary judgment was granted as to Plaintiff's failure to supervise claim, but denied without prejudice as to Plaintiff's failure to protect claim. Paper Nos. 34 & 35.

In denying summary judgment on the failure to protect claim, the court noted that Defendant's affidavit stated that prior to *January 15, 2003*, he had no knowledge that Chad Robinson, the detainee who assaulted Plaintiff, was violent toward Plaintiff or other inmates.  Paper No. 33,  Exhibit B at ¶¶ 6-10. (Emphasis Added.)  In the Memorandum issued with the March 8, 2005, Order, the court stated: "The court does not know whether the January 15, 2003, date in Defendant's affidavit is a typographical error or indicates that there was a one-month period prior to the assault during which Defendant was aware that Chad Robinson posed a risk to Plaintiff and other inmates."  Paper No. 34  n. 6.

By Order dated November 1, 2005, the Court directed Defendant to file a dispositive motion or motion advising the Court of the expected duration of trial.  In that Order, the Court stated "... it is unclear whether the January 15, 2003, date was the date in fact on which the assailant's violent

---

incident occurred on February 15, 2003.  The Defendant does concede that the Plaintiff was struck by Chad Robinson on or about February 14, 2003.

Paper No. 33 n. 33.  Whichever date is correct, the assault would have occurred one month after Defendant attested he had acquired knowledge of Chad Robinson's violent actions toward other prisoners.

[4]     Plaintiff's affidavit was prepared with the assistance of counsel. No appearance by counsel has been entered on Plaintiff's behalf.  Paper No. 31.

2

propensities became known to Defendant or represents a typographical error. If counsel for Defendant files a dispositive memorandum, counsel should specifically address this issue and submit verified exhibits in support of Defendant's position." Paper No. 36. Subsequently, defense counsel filed the pending dispositive motion, a supporting memorandum, and affidavits.

**II. Analysis**

In the Memorandum accompanying Defendant's pending dispositive motion, it is stated that:

> Plaintiff alleges that the incident occurred on February 14, 2003. Defendants admit that the incident occurred. However, records at the Prince George's County Detention Center show that the incident occurred on January 15, 2003. Thus for the purposes of this motion, Undersigned Counsel will assume the accuracy of the records at the Prince George's County Detention Center.

Paper No. 39, n. 1. Also filed in support of the pending dispositive motion is Defendant's affidavit which states that the assault occurred on January 15, 2003. The affidavit references by footnote "records at the Prince George's County Detention Center" which show the incident occurred on January 15, 2003. Paper 39, Exhibit. Defendant further attests that prior to the incident on January 15, 2003, the assailant, Chad Robinson had never displayed any acts of violence toward Plaintiff or any other inmate. Id. at ¶ 7-13. The affidavits of two other corrections officers, Angel Vazquez and Jesse Daniels, attest similarly. Paper 39, Exhibits C & D. The generally referenced Prince George's County Detention Center records indicating the date when the assault took place, and on which Defendant relies, have not been filed with the Court.

The issue presented on summary judgment is whether Defendant may have had knowledge that Plaintiff's assailant posed a risk to other inmates prior to the incident. Crucial to this determination is ascertaining the correct date on which the incident took place. Accordingly, Counsel for Defendant will be directed to provide verified copies of the generally referenced

"records at the Prince George's County Detention Center" which show the date of the assault.[5] An Order consistent with this Memorandum follows.

/s/

January 31, 2006  _____
Date               William M. Nickerson
                   United States District Judge

---

[5] Plaintiff's Motion to Extend Time to respond to the dispositive motion (Paper No. 45) will be granted by separate order. The court will rule on Plaintiff's pending Motion for Appointment of Counsel (Paper No. 43) after reviewing the records of the Prince George's County Detention Center.

4