**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DENNIS SHERRELL ANDERSON : | |
| #314083 | |
| Plaintiff : | |
| | |
| v. : | CIVIL ACTION NO. WMN-03-2589 |
| | |
| OFFICER W. EDWARDS : | |
| Defendant           oo0Ooo | |

**MEMORANDUM**

Pending is Defendant's Motion to Dismiss or in the Alternative Second Motion for Summary Judgment and Supplemental Motion for Summary Judgment in this prisoner civil rights action. Defendant relies on materials beyond the scope of the complaint, and the motion shall be construed as one for summary judgment pursuant to Fed R. Civ. P. 56. No hearing is necessary. See Local Rule 105.6 (D.Md.). Upon review of the pleadings, verified records, and applicable law, the Court will grant Defendant's motion for summary judgment.

**I. Background**

Plaintiff pro se filed this complaint on September 4, 2003, alleging Defendant William Edwards, a correctional officer, failed to protect him from assault by another detainee.[1] Specifically, Plaintiff claimed that on February 14, 2003, he noticed his assailant Chad Robinson and Officer Edwards talking together and looking at him. Paper No. 24, Exhibit A at 17. Plaintiff went to his cell to get some papers and Chad Robinson followed him. Paper No. 1 at 4; 31 at ¶ 23. Robinson then accused Plaintiff of talking about him, an allegation which Plaintiff denied. Paper No.

---

[1] The incident occurred while Plaintiff was detained at the Prince George's County Detention Center. Plaintiff is presently incarcerated in the Maryland House of Correction-Annex.

31 at ¶¶ 23-25.  Plaintiff turned to see Officer Edwards talking on the phone with his back turned from him.  Id. at ¶ 25.  Robinson hit Plaintiff, who sustained a broken jaw.  Id.

On March 8, 2005, Defendant's Motion for Summary Judgment was granted in part and denied in part.  Summary judgment was granted as to the failure to supervise claim presented in the complaint but denied without prejudice as to the failure to protect claim.  Paper Nos. 34 & 35.  Resolution of the failure to protect claim in this case was delayed due to the parties' failure to correctly identify the date on which the assault occurred.  Both parties proceeded on the assumption that the assault occurred on February 14, 2003.  Paper No. 24, at 3-5 ¶¶ 1-26, Exhibit A at 7-15; Paper No. 33 at 3-7 ¶¶ 1-30; and Paper No. 1 at 4.  Defendant's affidavit in support of the motion for summary judgment stated that prior to *January 15, 2003*, he had no knowledge that Chad Robinson, the detainee who assaulted Plaintiff, was violent toward Plaintiff or other inmates.  Paper No. 33, Exhibit B at ¶¶ 6-10. (Emphasis Added.).  The pleadings, however, uniformly indicated the assault occurred on February 15, 2003.   Consequently, the Court was unable to conclude that Defendant was without knowledge that the assailant posed a risk to Plaintiff at the time of the assault.

By Order dated November 1, 2005, the Court directed Defendant to file a dispositive motion or advise the Court of the expected duration of trial.  In that Order, the Court noted:

> ... it is unclear whether the January 15, 2003, date was the date in fact on which the assailant's violent propensities became known to Defendant or represents a typographical error.  If counsel for Defendant  files a dispositive memorandum, counsel should specifically address this issue and submit verified exhibits in support of Defendant's position.

Paper No. 36.  Subsequently, defense counsel filed the pending Motion to Dismiss or in the Alternative Second Motion for Summary Judgment with a supporting memorandum and affidavits.

In the Memorandum accompanying the dispositive motion, counsel for Defendant stated:

> Plaintiff alleges that the incident occurred on February 14, 2003. Defendants admit that the incident occurred.  However, records at the Prince George's County Detention Center show that the incident occurred on January 15, 2003.  Thus for the purposes of this motion, Undersigned Counsel will assume the accuracy of the records at the Prince George's County Detention Center.

Paper No. 39, n. 1.  The referenced Prince George's County Detention Center records were not filed in support of the motion.  On January 31, 2006, the Court ordered counsel for Defendant to provide verified copies of Prince George's County Detention Center records indicating the correct date of the assault.  The records were filed on February 8, 2006.[2]

## II.  Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the burden of showing that there is no genuine issue of material fact. See  Fed. R. Civ. P. 56(c); Pulliam, 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

---

[2] Pursuant Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court informed Plaintiff of the pending dispositive motions. Plaintiff was notified that he has seventeen days to file a written opposition, and if he failed to respond, summary judgment could be entered against him without further notice. Papers Nos. 40 & 49.  Plaintiff has not filed a response.

See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. See Anderson, 477 U.S. at 256. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627, 632 (E.D.N.C. 1966). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

**III. Analysis**

Plaintiff's failure to protect claim is based on substantive due process under the Fourteenth Amendment because he was a pretrial detainee at the time of the incident. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff must establish that prison officials were deliberately indifferent to a serious threat to his safety. See Farmer v. Brennan, 511 U.S. 825, 833–34 (1994). Plaintiff must also show that defendant knew of and disregarded an excessive risk to his health or safety. Id. at 837.

Verified records from the Prince George's County Detention Center show that Plaintiff was assaulted by Chad Robinson on January 15, 2003. Paper No. 48. Also filed in support of the pending dispositive motion is Defendant's affidavit which states that the assault occurred on January 15, 2003. Paper 39, Exhibit. Defendant further attests that prior to the incident on January

4

15, 2003, the assailant had never displayed any acts of violence toward Plaintiff or any other inmate. Id. at ¶ 7-13. The affidavits of two other corrections officers, Angel Vazquez and Jesse Daniels, attest similarly. Paper 39, Exhibits C & D. Plaintiff does not dispute the information contained in these records. See supra note 2.

Plaintiff fails to proffer any evidence that Defendant knew or had reason to know that the assailant posed a danger to his safety and disregarded these risks. Plaintiff does not claim to know the nature of the conversation that occurred between Officer Edwards before the attack. There is no evidence presented that Defendant had any knowledge Plaintiff was about to be assaulted. Further, Plaintiff presents no evidence that Defendant deliberately turned his back knowing an attack was about to occur.

## IV. Conclusion

Defendant is entitled to summary judgment in his favor, and the Court will grant Defendant's Second Motion for Summary Judgment and Supplemental Motion for Summary Judgment.[3] An Order consistent with this Memorandum follows.

  2/28/06                    /s/          
Date                                      William M. Nickerson
                                        Senior United States District Judge

---

[3] Plaintiff's Motion for Appointment of Counsel will also be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is discretionary, and may be considered where an indigent claimant presents exceptional circumstances. See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). Whether such circumstances exist in a particular case depend on the characteristics of the claim and the litigant. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Plaintiff has adequately articulately his claims and present issues for redress. There are no exceptional circumstances to warrant the appointment of an attorney.